# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NUMBER 6:09-CR-00033-RC |
| v. | § | |
| | § | |
| | § | |
| WELDON SMITH, | § | |
| | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 26, 2016, alleging that the Defendant, Weldon Smith, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Weldon Smith was sentenced on September 29, 2009, before The Honorable Leonard Davis, of the Eastern District of Texas, after pleading guilty to the offense of Possession of Material Containing Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. Weldon Smith was subsequently sentenced to 78 months of imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, sex offender registration and treatment, no unapproved contact with

children under the age of 18, no possession/viewing of sexually explicit conduct, shall submit to a search upon reasonable suspicion concerning unlawful conduct or a violation of supervised release, monitoring software installed on any authorized computer, disclosure of on-line account information, cellular telephone restrictions and a $100 special assessment.

## II.  The Period of Supervision

On January 9, 2015, Weldon Smith completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Weldon Smith violated the following conditions of release:

> Allegation 1. That the defendant shall report to the probation officer as directed by the court and submit a truthful and complete written report within the first five days of each month.
>
> Allegation 2. The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
>
> Allegation 3. The defendant will not have contact of any kind with children under the age of 18 unless supervised by an adult and approved by the probation officer.
>
> Allegation 4. The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct.  For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.
>
> Allegation 5. The Defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use.  This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations.

Allegation 6. The Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellulite telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.

## IV. Proceedings

On October 5, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the sixth allegation that claimed he failed to refrain from purchasing, possessing, having contact with, or using devices to include cellular telephones with photographic capability; celllular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection, and to refrain from the purchase, possession or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. In return, the

parties agreed that he should serve a term of imprisonment of 5 months of imprisonment, with three years of supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a) [1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from purchasing, possessing, having contact with, or using devices to include cellular telephones with photographic capability; cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection, and to refrain from the purchase, possession or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *See* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *See* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *See* 18 U.S.C. 3553(a)(4); *See also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *See* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *See* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to refrain from purchasing, possessing, having contact with, or using devices to include cellular telephones with photographic capability; cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection, and to refrain from the purchase, possession or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 5 months, with three years of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to refrain from purchasing, possessing, having contact with, or using devices to include cellular telephones with photographic capability; cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection, and to refrain from the purchase, possession or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 5 months of imprisonment, with 3 years of supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Ft. Worth.  The Defendant's request should be accommodated, if possible.

## VIII.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4)

no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

So ORDERED and SIGNED this 5th day of October, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE